# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                     **Case No.: 2:95-CR-44 (4)**
                                              **JUDGE SMITH**

**ANTWAN WOODS,**

                **Defendant.**        *Date of Original Judgment:*
                                               *June 5, 1996*

## ORDER

This matter is before the Court on the Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case." (Doc. 1831). Defendant also filed a pro se motion for reduction of sentence based on the same grounds. (Doc. 1830). On March 23, 1995, Defendant Antwan Woods was charged along with forty co-defendants in a 185-count indictment for conspiracy to distribute more than five grams of cocaine and crack cocaine, in violation of 21 U.S.C. §846; distribution of more than five grams of crack cocaine, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B)(iii) and 18 U.S.C. §2; possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(iii); and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(C). (Doc. 1). Defendant, along with seven of his co-defendants, proceeded to a jury trial. On November 8, 1995, Defendant Woods was found guilty, as charged. (Docs. 835, 839). On April 4, 1996, Defendant was sentenced to 420 months imprison plus 60 months on the firearms charge, with five years supervised release based on an offense level 38 and a criminal history category VI. (Docs. 974, 975). On April 16, 1999, the Sixth Circuit

reversed Defendant's conviction on use of a firearm during and in relation to a drug trafficking crime, and remanded the case for re-sentencing.  On April 27, 2000, Defendant was re-sentenced to 396 months imprisonment with five years supervised release.  (Doc. 1413).

Defendant's base offense level was reduced two levels from a 38 to a 36 after the November 1, 2007 crack amendment was retroactively applied to his case.  When combined with Defendant's criminal history category VI, the new advisory sentencing guideline range was 324 to 405 months.  The Court granted Defendant's Motion for Reduction of Sentence under the 2007 amendment and imposed a term of imprisonment of 360 months.  (*See* Doc. 1775). Defendant's sentence was again reduced to 324 months pursuant to the Fair Sentencing Act of 2010.  (*See* Doc. 1826).

On November 1, 2014, the United States Sentencing Commission promulgated Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in §2D1.1 of the United States Sentencing Guidelines, as well as parallel changes for the listed chemicals found in §2D1.11.  Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria.

Counsel for the government, defense counsel, and representatives of the United States Probation Department have met and are in agreement that Defendant meets the Sentencing Commission's eligibility requirements for the retroactive application of Amendment 782 to his case.  After considering the original guideline range, the extent of any downward departure, the circumstances of Defendant's case, and his behavior while incarcerated, the parties jointly recommend a reduction of Defendant's sentence from 324 months to 280 months.  Defendant's

offense level would be reduced from a 36 to a 34, combined with a criminal history VI, the new advisory guideline range would be 262 to 327 months.  In support of this Motion, the parties assert that they have considered the unique facts about Defendant's case and his behavior while incarcerated and have concluded that his early release would not present a danger to the safety of the public.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court.  *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).  In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable.  *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range.  The Court has carefully considered the need to protect the public from further crimes of the Defendant and concludes that even if released early, he has still been incarcerated for a very lengthy period of time and hopefully Defendant has learned from his mistakes and will not commit any crimes in the future.  The sentence of 324 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 280 months.  Under Amendment 782, Defendant's release date shall be no earlier than November 1, 2015.  Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Documents 1830 and 1831 from the Court's pending motion's

list.

**IT IS SO ORDERED.**

           _/s/ George C. Smith_____
           **GEORGE C. SMITH, JUDGE**
           **UNITED STATES DISTRICT COURT**

*Order Date:*  *April 9, 2015*

*Effective Date: November 1, 2015*

-4-